431 F.Supp.2d 1357 (2006)
In re STANDARD AUTOMOTIVE CORP. RETIREE BENEFITS "ERISA" LITIGATION
Mary Desmond, et al.
v.
Morton C. Batt, et al., D. Massachusetts, C.A. No. 1:05-10355
Elaine L. Chao, etc.
v.
Anthony L. Scialabba, et al., D. New Jersey, C.A. No. 1:05-3732
No. MDL 1753.
Judicial Panel on Multidistrict Litigation.
May 2, 2006.
Before WM. TERRELL HODGES,[*] Chairman, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

TRANSFER ORDER
D. LOWELL JENSEN, Acting Chairman.
This litigation consists of two actions pending in two federal districts. Before the Panel is a motion by certain defendants,[1] pursuant to 28 U.S.C. § 1407, seeking centralization of this litigation in either *1358 the District of New Jersey or the District of Massachusetts. One Standard Automotive Corp. (Standard Automotive) affiliated individual who is only a defendant in the New Jersey action favors selection of the New Jersey district as transferee forum, while the New Jersey plaintiff-the U.S. Department of Labor  supports selection of the Massachusetts district as transferee forum.[2] The Massachusetts plaintiffs object to transfer away from their forum.
On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Claims in both actions arise out of allegations of breach of fiduciary duties in connection with the management of Standard Automotive's 401(k) plan subsequent to its 2002 bankruptcy and sale. Centralization under Section 1407 is desirable in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.
Although either suggested district would be an appropriate transferee forum for this litigation, we select the District of Massachusetts in light of the facts that the first-filed action is pending in the Massachusetts district, pretrial proceedings are underway there, and most defendants and the responding plaintiffs support this district.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the District of New Jersey is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Nancy Gertner for coordinated or consolidated pretrial proceedings with the action pending there.
NOTES
[*] Judges Hodges and Keenan took no part in the decision of this matter.
[1] Anthony L. Scialabba (Scialabba), Morton C. Batt (Batt) and Anthony L. Scialabba & Associates, P.C. (Scialabba Associates).
[2] Movants represent that CitiStreet Associates, LLC, the service provider for Standard Automotive's 401(k) plan, agrees that centralization is appropriate, but does not take a position on the appropriate transferee district.